IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY D. HALPRIN,

    **Plaintiff,**

    v.                         CASE NO. 21-3094-SAC

STATE OF KANSAS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is detained at the Wyandotte County Detention Center in Kansas City, Kansas. On April 12, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until May 3, 2021 to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 9). Plaintiff has also filed multiple supplements that the Court has also considered. *See* Docs. 4, 5, 7, 8, 10 and 11.

Plaintiff's allegations relate to his state criminal case. Plaintiff alleges that he is being wrongly held and has a right not to be tried twice because he is "presumed innocent." Plaintiff names the State of Kansas as the defendant and seeks dismissal of his state criminal case.

The Court's MOSC found that the Court must abstain from hearing claims related to Plaintiff's ongoing criminal case. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). An online Kansas District Court Records Search shows that Case No. 21-CR-000035 is still pending. *See State v. Halprin*, Case No. 21-CR-000035, filed January 19, 2021 (Wyandotte County District Court).

The Court also found in the MOSC that to the extent Plaintiff seeks to vacate his sentence

1

or release, such a challenge must be brought in a habeas action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim seeking release from imprisonment is not cognizable in a § 1983 action.

In addition, this Court cannot order the State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has

2

been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff's response and multiple supplements are largely incomprehensible and fail to address the deficiencies set forth in the MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated May 5, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**